UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                            :    Chapter 13

JOSEPH FORTE                                     :

        Debtor                          :    Bankruptcy No. 06-15713

..........................................

ORDER

..........................................

AND NOW, this 6th day of July 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that this chapter 13 case is dismissed pursuant to 11 U.S.C. § 1307(e).

It is further ordered that the debtor cannot file any future bankruptcy cases, singly or jointly, for a period of 180 days from the date of this order.

                                                              BRUCE FOX
                                            United States Bankruptcy Judge

copies to:

David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

William C. Miller, Esquire
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

Andrew Spivack, Esquire
Phelan Hallinan & Schmieg, LLP
One Penn Center at Suburban Station
16 & JFK Blvd, Suite 1400
Philadelphia, PA 19103

Mr. Joseph Forte
7211 Valley Avenue
Philadelphia, PA 19128

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                    :    Chapter 13

JOSEPH FORTE                             :

      Debtor                            :    Bankruptcy No. 06-15713

...................................................

MEMORANDUM

...................................................

The chapter 13 trustee, William C. Miller, Esquire, has moved to dismiss this chapter 13 case, and to bar the debtor from filing future bankruptcy cases. The trustee seeks dismissal for a variety of reasons: that the case was filed in bad faith; that the debtor failed to attend the scheduled meeting of creditors; that the debtor failed to provide copies of requisite tax returns; and that the debtor failed to tender plan payments due under his proposed chapter 13 plan.

The trustee's dismissal motion is supported by a secured creditor, Liberty Savings Bank, F.S.B. The motion, however, is opposed by the debtor.[1]

After an evidentiary hearing, the following facts were proven.

I.

The debtor commenced the instant chapter 13 bankruptcy petition on December 4, 2006. The filing was his fifth chapter 13 petition since July 1, 2003. See

---

[1] Although the debtor never filed a response in opposition to this motion, the trustee did not seek relief by default.

Bankr. Nos. 03-30108; 03-32311; 05-14568; and 06-12853. All four prior chapter 13 cases had been dismissed, without the debtor successfully reorganizing.

On January 23, 2007, notice was sent to the debtor, his attorney of record, and all creditors informing them that a meeting of creditors pursuant to 11 U.S.C. § 341(a) would be held on February 28, 2007 at 10:00 a.m. See docket entry #30.[2] The debtor conceded that he failed to attend this creditors' meeting,[3] and the bankruptcy trustee noted on March 1, 2007, that the meeting was not held. Docket entry #37. The docket also reflects that the Commonwealth of Pennsylvania filed an objection to confirmation in this case, docket entry # 34, as well as the debtor's prior cases. See Bankr. No. 05-14568 (docket entry #20). In this latest bankruptcy case, the Commonwealth has filed a proof of claim asserting that the debtor owes $69,186.85 in delinquent taxes, interest, and penalties for the years 1997-1999. The IRS also filed a proof of claim asserting that the debtor owes $220,714.42 in unpaid taxes for the years

---

[2] I take judicial notice, under Fed. R. Evid. 201 (incorporated into bankruptcy cases by Fed. R. Bankr. P. 9017), of the docket entries in this case as well as the docket entries in the prior cases. See, e.g., In re American Rehab & Physical Therapy, Inc., 2006 WL 1997431, at *18 (Bankr. E.D. Pa. 2006); In re Senior Cottages of America, LLC., 320 B.R. 895, 903 (Bankr. D. Minn. 2005); In re Townsville, 268 B.R. 95, 99 n.3 (Bankr. E.D. Pa. 2001); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

[3] He blamed his former attorney for informing him of the wrong date.

2

1995-1999.[4] In the 2005 bankruptcy case, the IRS also objected to confirmation of the debtor's proposed plan. Bankr. No. 05-14568 (docket entry # 18).

The debtor also concedes that at the time of his December 2006 bankruptcy case, he had not filed either federal or state tax returns since 1999. Furthermore, as of the date of the scheduled meeting of creditors, the debtor had not filed such returns, and thus copies were never provided to the chapter 13 trustee. Indeed, as of the date of this hearing, June 26, 2007, the debtor only had federal income tax returns prepared by his accountant for the years 2000-2006, but had not filed them. The state tax returns for those years remained unprepared and thus unfiled.

The debtor also acknowledged that he was in arrears in plan payments to the trustee, and postpetition mortgage payments to Liberty. He was confident that he could cure both of these delinquencies over time. He further testified that his present employment income is substantially greater than his income during his prior 2006 bankruptcy case.

Finally, the chapter 13 trustee's motion was originally scheduled to be heard on April 10, 2007. At that hearing, the debtor appeared without his counsel of record, John Croom, Esq. As Mr. Croom had agreed to cease practicing bankruptcy law in this district, counsel for the trustee agreed to postpone the dismissal hearing in order to permit

---

[4]The parties agreed that I could take judicial notice of the claims register. In addition to the Commonwealth's claim, docketed as # 3, and the IRS claim, docketed as # 8, on that register is a secured proof of claim filed by Liberty Savings Bank asserting that it holds a mortgage on the debtor's residence, and that it is owed a total debt of $151,303.33, and a prepetition arrearage claim of $92,897.15. Claim # 4. The debtor testified that he believes this claim is overstated.

3

the debtor to engage new counsel, and to address, inter alia, the problem of his delinquent tax returns.[5]

II.

The chapter 13 trustee seeks dismissal of this case on a number of grounds, including 11 U.S.C. § 1307(e). Section 1307(e) is a new provision along with section 1308. Both were added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, enacted on April 20, 2005 and effective on October 17, 2005, Pub. L. 109-8.

> Section 1308 provides:
>
> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.
>
> (b)(1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond--

---

[5] The postponed hearing date was originally set for May 15, 2007. On May 15th, the debtor appeared and requested additional time. The trustee agreed and a new hearing date of June 5th was established. On June 5th, the debtor again appeared pro se and requested another adjournment. The trustee consented and the instant June 26th date was set. At this hearing, the debtor had retained replacement counsel.

4

> (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or
>
> (B) for any return that is not past due as of the date of the filing of the petition, the later of--
>
>> (i) the date that is 120 days after the date of that meeting; or
>>
>> (ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.
>
> (2) After notice and a hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for--
>
>> (A) a period of not more than 30 days for returns described in paragraph (1); and
>>
>> (B) a period not to extend after the applicable extended due date for a return described in paragraph (2).
>
> (c) For purposes of this section, the term "return" includes a return prepared pursuant to subsection (a) or (b) of section 6020 of the Internal Revenue Code of 1986, or a similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal.

One enforcement mechanism of section 1308 is found in section 1307(e), which states:

> (e) Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall

5

>dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

One court has reviewed the legislative history of the 2005 statute and concluded that Congress enacted sections 1307(e), 1308, and 1325(a)(9) (which establishes compliance with section 1308 as a chapter 13 confirmation requirement, see In re Jackson, 2007 WL 1188202, at *6 (Bankr. E.D. Pa. 2007)) with two goals in mind:

>While it is often difficult to discern the drafters' intent when looking at a piece of legislation, there are a few snippets of information one can collect regarding BAPCPA. First, as indicated above in the discussion of the legislative history, Congress appears to have wanted to make sure tax returns were filed in order to assist state taxing authorities in determining whether they had claims for delinquent taxes. Second, Congress wanted to create a strong incentive for debtors who had delinquent tax returns to get them filed.

In re French, 354 B.R. 258, 264 (Bankr. E.D. Wis. 2006).[6]

In order to comply with section 1308, every chapter 13 debtor, prior to the first date set for the meeting of creditors, is required to "file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a); see In re Joye, 2007 WL 915233, at *5 (N.D. Cal. 2007); In re Goodell, 2006 WL 23568, at *4 n.14 (Bankr. E.D. Pa. 2006). Clearly, the evidence demonstrates that the instant chapter 13 debtor, Mr. Forte, did not comply with this requirement. None of the federal or state tax returns due within four years of his December 2006 bankruptcy filing had been submitted to the taxing authorities by February 28, 2007, the date first set for his meeting of creditors.

---

[6]The French court's review of relevant legislative history is found at 354 B.R. at 260-61.

6

>Section 1308(b) grants the chapter 13 trustee and this court some limited discretion to extend this tax return deadline beyond that found in section 1308(a):
>
>>The trustee may extend the time for compliance for up to 120 days for returns that were due before the petition was filed or, for returns becoming due after the filing of the petition, to the later of 120 days after the meeting of creditors or the last day for filing under the last automatic extension to which the debtor is entitled. § 1308(b)(1), Bankruptcy Code. The court may extend the time for an additional 30 days beyond whatever extension is granted by the trustee, but only if the failure to comply "is attributable to circumstances beyond the control of the debtor." § 1308(b)(2), Bankruptcy Code.
>
>In re Sawyer, 2007 WL 1725627, at *4 (Bankr. E.D. Va. 2007); see Bankruptcy Practice for the General Practitioner § 13:10 n.27.20 (Sept 2006).

The statutorily permissible manner in which the trustee can exercise his discretion is to "hold open" the meeting of creditors so as to afford the debtor additional time to submit his delinquent tax returns to the appropriate taxing authorities. 11 U.S.C. § 1308(b)(1); see In re Moore, 359 B.R. 665, 672 (Bankr. E.D. Tenn. 2006); Murphy, Creditors' Rights in Bankruptcy § 20:5 (2d ed. 2006). In this instance, the trustee did not grant Mr. Forte any additional time by holding open the meeting of creditors and granting the debtor an extension to file, as Mr. Forte failed to appear at that meeting.[7] See

---

[7] In his post-hearing memorandum, Mr. Forte alleges that on June 27, 2007 he filed his delinquent tax returns with the IRS and on June 28, 2007 he filed his delinquent state tax returns with the Commonwealth. He then contends that this filing falls within the 120 day period found in section 1308(b)(1) and therefore he has complied with section 1308. I find this contention unpersuasive for a number of reasons.

    First, the factual allegations of filing all delinquent returns are only made after the evidentiary hearing concluded, without any opportunity for the trustee or Liberty Savings to review copies of the filed returns or cross-examine the debtor about his filings.

    Second, Mr. Forte incorrectly assumes that every chapter 13 debtor is entitled to a 120-day grace period for producing filed tax returns to the trustee. Section 1308(b)(1), however, affords the chapter 13 trustee discretion to permit an extension not to exceed 120 days. The

(continued...)

7

generally In re Koss, 319 B.R. 317, 321 (Bankr. D. Mass. 2005) (explaining that a trustee "holds open" a meeting of creditors by commencing it and then expressly not concluding it).

Accordingly, the evidence demonstrates that Mr. Forte has not complied with the tax return filing requirement of section 1308. When that occurs, section 1307(e) directs dismissal or conversion of the case if requested by a "party in interest" or by the United States trustee. Here, two parties in interest—the chapter 13 trustee and a secured creditor, see generally In re Young, 2007 WL 703493, at *4 (Bankr. M.D.N.C. 2007) ("If the secured creditor fails to file a deficiency claim within the time set, then the Chapter 13 trustee and other parties in interest may rely upon the passage of the deadline

---

[7](...continued)
trustee may elect not to permit any extension, or to limit the extension to a lesser period. At best, Mr. Forte may argue that the trustee implicitly agreed to extend his tax return filing deadline to the adjourned hearing date: June 26, 2007 (which is within the 120-day period from the creditors' meeting date). The position of trustee's counsel at the June 26th hearing made it clear, however, that the trustee did not consent to extend Mr. Forte's filing deadline beyond June 26th.

And third, section 1308(b) provides that any extension by the trustee of the tax filing deadline should be accomplished by adjourning the creditors' meeting to a date certain. At the continued creditors' meeting, the trustee and the debtor's creditors are thus able to examine copies of the returns and question the chapter 13 debtor about them. In this case, there is no evidence that the trustee ever adjourned the February 2007 creditors' meeting. Thus, it is likely that the chapter 13 trustee never extended the section 1308 filing deadline, but only agreed that he would not seek dismissal under section 1307(e) if Mr. Forte filed all delinquent tax returns by June 26th. Other parties in interest, however, could raise the issue on their own.

When the debtor was unable to present evidence on June 26th of his tax filings, the trustee prosecuted his demand for dismissal. The trustee's unwillingness to delay the issue any further may have been based upon the numerous postponements in this case, the debtor's four prior bankruptcy filings, the debtor's extensive tax filing delinquency, and the large tax claims in this case. See generally In re Gros, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (fifth chapter 13 case dismissed as bad faith filing on request of the IRS). Whatever the trustee's reasons, section 1308 affords him the discretion regarding extensions, and section 1307(e) permits him to press for dismissal.

8

as a bar."); In re Jackson, 358 B.R. 560, 564-65 (Bankr. W.D.N.Y. 2007) ("it is the initial burden of the debtor or other party in interest, including the Chapter 13 trustee or an unsecured creditor")—have demanded dismissal of Mr. Forte's bankruptcy case.

When a party in interest seeks relief under section 1307(e), the statute provides that "the court shall dismiss or convert the case . . . ." (emphasis added). This language is in contrast to that found in section 1307(c), stating that "the court may," (emphasis added), convert or dismiss a chapter 13 case for cause. See Murphy, Creditors' Rights in Bankruptcy § 20:5, n.3 (2d ed. 2006) ("Note that the language of § 1307(e) is mandatory, unlike that of § 1307(c)."). Apparently, Congress intended that relief under section 1307(e) is not discretionary. See, e.g., 5 Norton Bankr. L. & Prac. 2d § 113:12 (2007) ("Should a Chapter 13 debtor fail to comply with these tax return filing requirements [in section 1308], the court must dismiss or convert the case to Chapter 7 upon request of a party in interest."); Feeney, Bankruptcy Law Manual § 13:15 (5th ed. 2007) ("Moreover, the debtor's failure to file with the appropriate taxing authorities, any of the tax returns required by § 1308, namely tax returns for the taxable periods within four years before the Chapter 13 petition, requires the court to dismiss or convert the Chapter 13 case, whichever remedy is in the best interests of creditors and the estate."); Murphy, Creditors' Rights in Bankruptcy § 20:5 (2d ed. 2006) (" Upon the failure of the debtor to file a return, the court is required to dismiss or convert the case upon the request of the U.S. Trustee or a party in interest."); Bankruptcy Practice for the General Practitioner § 13:10 (Sept 2006) ("For cases filed on or after the October 17, 2005 effective date of the BAPCPA, dismissal or conversion to Chapter 7 will be mandatory,

9

upon the request of a party in interest or the United States Trustee, if the debtor fails to file tax returns as required by new section 1308.").

> As one court observed recently:
>
> Failure to file the returns required by § 1308 is a ground for dismissal as well as a ground for denying confirmation. Indeed, as the statute is phrased, the court <u>is required</u> to ("shall") dismiss or convert the case, whichever is in the best interest of the creditors and the estate, if the debtor fails to file the returns required by § 1308 <u>and</u> dismissal is requested by a party in interest. Unless the trustee has granted an extension of the time, the court's only discretion is to grant a 30-day extension for returns that were due before the filing of the petition and an extension through the last date for which an automatic extension was available for returns due after the filing of the petition. And even this the court may do only if the court determines that the debtor's failure to file "is attributable to circumstances beyond the control of the debtor." The debtor's only explanation for the failure to file the returns on time is that she has been "consumed" by the litigation she has been involved in for the last several years challenging the Worcester judgment and her disbarment. The court is unable to find that such litigation would leave no time for the preparation of tax returns or is a circumstance beyond the control of the debtor. Accordingly, the court can find no sufficient basis for granting a further extension. Since no extension has been granted by the trustee, and because the trustee has requested dismissal based on the failure to file the tax returns by the date specified, the statute requires either dismissal of the case or conversion to chapter 7, whichever is in the best interest of creditors. Creditors would benefit from conversion to chapter 7 rather than dismissal if the chapter 7 trustee were to sell the debtor's property for an amount in excess of the liens of record, as the surplus would then be available to pay the claims of unsecured creditors. But since the chapter 13 trustee and Worcester are the only parties seeking dismissal or conversion based on the failure to file the tax returns, and since both favor dismissal, the court concludes that dismissal rather than conversion is in the best interest of creditors.

In re Sawyer, 2007 WL 1725627, at *5 (Bankr. E.D. Va. 2007).

In this contested matter, the evidence demonstrates that the chapter 13 debtor has failed to comply with the provisions of section 1308. The chapter 13 trustee has moved for dismissal, supported by a secured creditor. (Neither of those parties, nor the debtor, suggests that conversion to chapter 7 is appropriate.) Given the congressional directive found in section 1307(e), the trustee is entitled to such relief.

### III.

Finally, the chapter 13 trustee and Liberty Savings both request that the debtor be barred from future bankruptcy filings.[8] The trustee's motion seeks a bar of 180 days from the date of dismissal. See generally In re Delone, 2006 WL 3898390 (Bankr. E.D. Pa. 2006); In re Washington, 2004 WL 1607009 (Bankr. E.D. Pa. 2004). Upon consideration of the evidence presented, I conclude that such relief is warranted.

This will be the debtor's fifth unsuccessful chapter 13 petition since 2003. He has known for years that taxing authorities have been asserting claims against him. He knew or should have known of his own failure to file tax returns for the past six years. He failed to attend his meeting of creditors, even though he received court notice of the date, place and time. And even with three postponements of the trustee's motion to dismiss, he was unable to fulfill his statutory obligations to have prepared and filed all delinquent tax returns by a deadline. His creditors, including the taxing authorities and his mortgagee, have been delayed for years in collecting their outstanding obligations.

---

[8]Actually, Liberty Savings prefers that I grant relief under section 362(d)(4). If such a request is properly before me (and no pleading was filed so demanding), I do not believe it is justified on the evidentiary record made.

11

The Second Circuit Court of Appeals in In re Casse, 198 F.3d 327, 338-40 (2d Cir. 1999), held that, in appropriate circumstances, a bankruptcy court may prohibit future bankruptcy filings pursuant to 11 U.S.C. §§ 105(a) and 349. See also U.S. v. Mourad, 289 F.3d 174, 178 (1st Cir. 2002); In re Tomlin, 105 F.3d 933 (4th Cir. 1997). The reasoning of Casse has been accepted in this district. See, e.g., Haines v. Miller, 2004 WL 1987218, *2 (E.D. Pa. 2004); In re Callahan, 2004 WL 350753, *4-*5 (E.D. Pa. 2004); In re Hamer, 2000 WL 1230496, *6 (E.D. Pa. 2000) ("Together, therefore, §§ 105(a) and 349(a) enable the bankruptcy court to restrict a debtor's ability to file subsequent petitions."); In re Narod, 138 B.R. 478 (E.D. Pa. 1992).

The evidence presented supports the imposition of a 180-day bar against future bankruptcy filings. My declining to do so would minimize the debtor's admitted inattention to his own affairs. It could also be viewed by the debtor as an invitation to immediately refile yet a sixth case and thus implicitly grant him an extension to file tax returns beyond that authorized in section 1308(b).

An appropriate order shall be entered.